IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-48-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| ANTHONY LANDELL GREGORI, | |
| Defendant. | |

## I.  Synopsis

The United States accused Mr. Gregori of violating his conditions of supervised release by 1) using a controlled substance, and 2) failing to attend chemical dependency group session.  He admitted to the violations.  Mr. Gregori's supervised release should be revoked.  He should be sentenced to four months of custody, with thirty-two months of supervised release to follow.  As provided by Special Condition 1 of his supervised release, Mr. Gregori should be required to attend intensive outpatient treatment as directed by the United States Probation Office.

## II.  Status

On December 11, 2012, United States District Court Judge Sam Haddon

1

sentenced Mr. Gregori to seventy-eight months custody, with thirty-six months of supervised release to follow, after he pleaded guilty to Interference with Commerce by Threat or Violence.  (Doc. 49).  Mr. Gregori began his first term of supervised release on December 1, 2017.

On January 11, 2018, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Gregori had violated the conditions of his supervised release by using methamphetamine and alcohol.  (Doc. 102).  The Court allowed him to continue his supervised release to follow through with treatment and testing.

**Petition**

On March 28, 2018, the Probation Office filed a petition seeking to revoke Mr. Gregori's supervised release.  The petition alleged that during a home contact on March 10, 2018, Mr. Gregori admitted to using methamphetamine and marijuana, and that on March 20, 2018, Mr. Gregori submitted a urine sample that tested positive for methamphetamine.  The petition also alleges that on March 23, 2018, the Probation Office was notified that Mr. Gregori had failed to attend a scheduled chemical dependency group session.  (Doc. 103).  Based on the petition, United States District Court Judge Brian Morris issued a summons for Mr. Gregori to appear on April 17, 2018.  (Doc. 104).

**Initial appearance**

Mr. Gregori appeared before the undersigned on April 17, 2018, in Great Falls, Montana, for an initial appearance.  Federal Defender Tony Gallagher accompanied Mr. Gregori at the initial appearance.  Assistant United States Attorney Jared Cobell represented the United States.

Mr. Gregori said he had read the petition and understood the allegations. Mr. Gregori waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Gregori admitted to the violations as alleged in the petition.  The admitted violations are serious and warrant revocation of Mr. Gregori's supervised release.

Mr. Gregori's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class C felony.  He could be incarcerated for up to twenty-four months.  He could be ordered to remain on supervised release for thirty-six months, less any custody time imposed.  The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Gallagher recommended that the Court dismiss the petition, with an

3

added condition of outpatient treatment at Gateway, stating that this would be a clarion call for Mr. Gregori. Mr. Gregori exercised his right of allocution and apologized to the court. He stated that he wants to do better and that he has been going through a lot of stress. Mr. Cobell argued that Mr. Gregori needed inpatient treatment, based on the fact that he submitted a positive urine test the day he was summonsed into court. The Court continued the sentencing hearing until Mr. Gregori could obtain a chemical dependency evaluation.

On May 17, 2018, the Court reconvened the sentencing hearing. Mr. Gallagher represented Mr. Gregori, and Assistant United States Attorney Jeff Starnes represented the United States. Mr. Gallagher argued that the document the Court received regarding Mr. Gregori was merely an opinion that he should be subject to inpatient treatment, when the Court requested an evaluation, not an opinion. Mr. Gregori addressed the Court where he fervently promised to recover and to comply with conditions. Mr. Starnes recommended a sentence of four months for Mr. Gregori to sober up from his recent meth use, with supervised release to follow. The hearing was continued for Mr. Gregori to get a proper evaluation.

On June 19, 2018, the Court reconvened the sentencing hearing. Federal Defender David Ness represented Mr. Gregori, and Mr. Cobell represented the

4

United States.  Mr. Ness recommended a sentence of time served, with intensive

outpatient treatment to follow, noting that Mr. Gregori had an appointment already

scheduled for Friday, June 22, 2018.  Mr. Gregori addressed the Court and stated

that the intensive outpatient treatment would work for him and asked for a chance

at freedom, stating he has the tools to remain sober.

### III.   Analysis

Mr. Gregori's supervised release should be revoked because he admitted

violating its conditions.  He should be sentenced to four months of custody, with

thirty-two months of supervised release to follow.  As provided by Special

Condition 1 of his supervised release, Mr. Gregori should be required to attend

intensive outpatient treatment as directed by the United States Probation Office.

This sentence would be sufficient but not greater than necessary.  The Court

recommends that Mr. Gregori serve his term of custody at CoreCivic Detention

Center in Shelby, Montana.

### IV.   Conclusion

Mr. Gregori was advised that the above sentence would be recommended to

Judge Morris.  The Court reminded him of his right to object to these Findings and

Recommendations within fourteen days of their issuance.  The undersigned

explained that Judge Morris would consider Mr. Gregori's objection, if it is filed

within the allotted time, before making a final determination on whether to revoke

Mr. Gregori's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Anthony Landell Gregori violated the conditions of his supervised
> release by 1) using a controlled substance, and 2) failing to attend
> chemical dependency treatment.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment,
> revoking Mr. Gregori's supervised release and
> committing Mr. Gregori to the custody of the United
> States Bureau of Prisons for four months, with thirty-two
> months of supervised release to follow.  As provided by
> Special Condition 1 of his supervised release, Mr.
> Gregori should be required to attend intensive outpatient
> treatment as directed by the United States Probation
> Office.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

      Dated the 20th day of June, 2018.


_____
John Johnston
United States Magistrate Judge